IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Mansa Banshee, #23401, and<br>Jody Lynn Ward, #300644,<br>                        Plaintiffs,<br><br>vs.<br><br>Jon Ozmint, Director, South Carolina Department of Corrections; and The South Carolina Corrections Board and the Penalogy Committee, et al.,<br>                        Defendants. | Civil Action No. 6:09-1594-TLW-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motion to remand of plaintiff Jody Lynn Ward. The two plaintiffs in this action, state prisoners proceeding *pro se*, filed their complaint in state court seeking to enforce the terms of the Nelson Consent Decree, which was adopted by the United States District Court in the case of *Plyler v. Moore*, Civil Action Number 3:82-00876-CWH. The consent decree resulted from litigation between a class of inmates and the Director of the SCDC challenging various conditions of confinement in South Carolina prisons. The consent decree primarily concerned "measures to be taken to alleviate overcrowding," but also contained "detailed provisions relating to . . . health services, educational programs, vocational training, food service, and visitation." *See id.* at 369. The Nelson Consent Decree was terminated by this court on June 4, 1996, and the termination was upheld by the Fourth Circuit Court of Appeals. *See Plyler v. Moore*, 100 F.3d 365 (4th Cir. 1996). This action also involves the application and enforcement of federal statutory law, specifically the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134, § 802(a), 110 Stat. 1321, 1321-68 (1996). The plaintiffs allege in their

complaint that the defendants "continue to violate their and those similarly situated federal rights" (comp. 3).

On June 16, 2009, the defendants filed a Notice of Removal and removed this action to federal court. Plaintiff Ward then filed his motion to remand to state court. This case clearly involves federal claims and issues as well as application of federal law, namely the PLRA. Because federal question jurisdiction exists pursuant to 28 U.S.C. § 1331, plaintiff Ward's motion should be denied.[1]

It is so recommended.

                                        s/William M. Catoe
                                        United States Magistrate Judge

September 11, 2009

Greenville, South Carolina

---

[1] Furthermore, as pointed out by the defendants, only plaintiff Ward signed the motion, although Ward did include the name of his co-plaintiff, Mansa Banshee, on the motion. Ward is a *pro se* litigant who is not a licensed attorney. Therefore, he is precluded from representing Banshee in a representative capacity.

2