IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jody Lynn Ward, #300644, and<br>Mansa Banshee, #23401,<br><br>                   Plaintiff,<br><br>vs.<br><br>Jon Ozmint, Director, South Carolina<br>Department of Corrections; and<br>The South Carolina Corrections Board<br>and the Penalogy Committee, et al.,<br><br>                   Defendants. | Civil Action No. 6:09-1594-RMG-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendants' motion for summary judgment (doc. 24). The plaintiffs, state prisoners proceeding *pro se*, seek relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On April 30, 2010, the defendants filed a motion for summary judgment. On May 3, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiffs were advised of the summary judgment procedure and the possible consequences if they failed to respond adequately. On July 13, 2010, plaintiff Mansa Banshee filed his opposition to the defendants' motion. The defendants filed a reply on July 23, 1010, and plaintiff Banshee filed a sur-reply on August 16, 2010. Plaintiff Jody Lynn Ward filed no opposition to the defendants' motion for summary judgment.

**FACTS PRESENTED**

The two plaintiffs in this action, both of whom are incarcerated within the South Carolina Department of Corrections ("SCDC") serving life sentences, filed their complaint in state court seeking to enforce the terms of the Nelson Consent Decree, which was adopted by the United States District Court in the case of *Plyler v. Moore*, Civil Action Number 3:82-00876-CWH. The consent decree resulted from litigation between a class of inmates and the Director of the SCDC challenging various conditions of confinement in South Carolina prisons. The consent decree primarily concerned "measures to be taken to alleviate overcrowding," but also contained "detailed provisions relating to ... health services, educational programs, vocational training, food service, and visitation." *See Plyler v. Moore*, 100 F.3d 365, 369 (4th Cir.1996). The Nelson Consent Decree was terminated by The Honorable C. Weston Houck, who at that time was Chief Judge of the United States District Court for the District of South Carolina,[1] on June 4, 1996. *Id.* The termination was upheld by the Fourth Circuit Court of Appeals, and the Supreme Court of the United States denied the petition for writ of certiorari. *See id.* at 375, *cert. denied*, 520 U.S. 1277 (1997). The plaintiffs allege in their complaint that the defendants "continue to violate their and those similarly situated federal rights" (comp. 3). As relief, the plaintiffs seek "enforcement of those entitlements agreed upon by the parties" (comp. 8). On June 16, 2009, the defendants filed a Notice of Removal and removed this action to federal court. Plaintiff Ward moved to remand the action to state court, and that motion was denied by the Honorable Terry L. Wooten, United States District Judge, on November 3, 2009. The instant motion followed.

---

[1] Judge Houck is now Senior United States District Judge for the District of South Carolina.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365

(4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendants argue that the plaintiffs' claim fails because the Nelson Consent Decree has been judicially terminated under the termination provisions contained in the Prison Litigation Reform Act ("PLRA"). This court agrees.

As stated above, the Nelson Consent Decree was terminated by Judge Houck on June 4, 1996, and the termination was upheld by the Fourth Circuit Court of Appeals. The Fourth Circuit stated:

> The PLRA is intended to "provid[e] reasonable limits on the remedies available in" lawsuits concerning prison conditions. See H.R.Rep. No. 21, 104th Cong., 1st Sess. 7 (1995). It accomplishes this goal, in part, by providing that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C.A. § 3626(a)(1)(A); see also H.R.Rep. No. 21, at 24 n. 2 (noting that this "provision stops judges from imposing remedies intended to effect an overall modernization of local prison systems or provide an overall improvement in prison conditions" by "limit[ing] remedies to those necessary to remedy the proven violation of federal rights"). The PLRA also provides an avenue for states to end their obligations under consent decrees providing for greater prospective relief than that required by federal law:
>
>> IMMEDIATE TERMINATION OF PROSPECTIVE RELIEF.-In any civil action with respect to prison conditions, a defendant or intervener shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means

> necessary to correct the violation of the Federal right.
>
> 18 U.S.C.A. § 3626(b)(2). However, a court is prohibited from terminating prospective relief if it determines that "prospective relief remains necessary to correct a current or ongoing violation of the Federal right." 18 U.S.C.A. § 3626(b)(3). A state may seek termination of prospective relief under § 3626(b)(2) even if the relief was approved before enactment of the PLRA. Prison Litigation Reform Act, Pub.L. No. 104-134, § 802(b)(1), 110 Stat. 1321, 1321-70 (1996) (to be codified at 18 U.S.C.A. § 3626 (note)).

*Plyler*, 100 F.3d at 369-70. Ultimately, the circuit court found as follows:

> We hold that 18 U.S.C.A. § 3626(b)(2), as amended by the PLRA, offends neither the separation-of-powers doctrine, Fifth Amendment equal protection principles, nor the Due Process Clause of the Fifth Amendment. We also hold that the term "Federal right" as used in § 3626(b)(2) does not include rights conferred by consent decrees to the extent those rights rise above the requirements of federal law. Accordingly, we affirm the order of the district court terminating the consent decree.

*Id.* at 375. Consequently, this court lacks the authority or jurisdiction to enforce a prison consent decree that has previously been terminated. *See Hines v. Anderson*, No. 03-2010, 2003 WL 22952185, *1 (8th Cir. 2003) (court recognized that once motion to terminate consent decree was granted, inmates lost right to enforce the terms of consent decree).

Plaintiff Banshee argues in his response in opposition to the motion for summary judgment that the Nelson Consent Decree remains viable and subject to enforcement in *state court*. Plaintiff Banshee's argument appears to be based on a portion of the PLRA that provides: "The limitations on remedies in this section shall not apply to relief entered by a State court based solely upon claims arising under State law." 18 U.S.C. § 3626(d). However, as argued by the defendants in their reply brief in support of their motion (reply 2-4), 18 U.S.C. § 3626(d) simply preserves state court remedies for any violations of state law as determined by a state court, but it does not mandate that federal rights must be adjudicated in state court or that a federal consent decree may be enforced

5

by a state court. *See Benjamin v. Jacobson*, 172 F.3d 144, 156 (2d Cir. 1999) (en banc) ("It seems implausible that Congress meant to forbid a federal court to enforce these federal judgments but to allow them to be enforceable in a state court, and the language of the Act is contrary to any suggestion that a decree not supported by the mandated findings is to be allowed to remain in effect.") and *Hazen v. Reagen*, 208 F.3d 697, 699 (8th Cir. 2000) (finding "that the PLRA prohibits the state-court enforcement, on a contract theory or otherwise, of federal consent decrees that do not meet the PLRA standards").

Further, the defendants argue that to the extent the plaintiffs contend that the Nelson Consent Decree created property or contract rights enforceable at law, they are mistaken. In *Plyler*, the Fourth Circuit clearly held that "the Inmates had no property right in the continued enforcement of a decree granting prospective relief." 100 F.3d at 375.

The plaintiffs also have not shown that they have standing to even assert any alleged violations of the Nelson Consent Decree. "'Article III of the United States Constitution limits federal courts to resolving actual cases and controversies.'" *Burke v. City of Charleston*, 139 F.3d 401, 404 (4th Cir. 1998) (quoting *Finlator v. Powers*, 902 F.2d 1158, 1160 (4th Cir.1990)). "A justiciable case or controversy requires a plaintiff who has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Planned Parenthood of South Carolina, Inc. v. Rose*, 361 F.3d 786, 789 (4th Cir. 2004). Therefore, "to establish standing, a plaintiff must show (1) an actual or threatened injury (2) that was caused by the putatively illegal conduct of the defendant and (3) that is likely to be redressed by a favorable decision." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The plaintiff bears the burden of establishing injury, traceability, and redressability because it is the party seeking to invoke federal jurisdiction." *Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315, 320 (4th Cir. 2002). As the Supreme Court has explained, these three elements "are not mere pleading requirements

but rather [are] an indispensable part of the plaintiff's case." *Lujan*, 504 U.S. at 561. As a result, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.*

Here, the plaintiffs have not alleged that the defendants' "breach" of any of the provisions of the Nelson Consent Decree has resulted in any actual and specific harm to them. The complaint is devoid of any factual allegations specific to these plaintiffs, and the plaintiffs have not shown that they have personally been harmed or affected by any of those conditions raised in the complaint. It is well settled that a prisoner lacks standing to sue on behalf of other prisoners. *See Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others).

Lastly, the plaintiffs have sued the "South Carolina Corrections Board and the Penalogy Committee" in addition to Director Jon Ozmint. As argued by the defendants, there are no such legal entities as the "South Carolina Corrections Board and the Penalogy Committee." Furthermore, even if there was such a "board" or "committee," it would be a state agency and would not be a "person" that may be sued under 42 U.S.C. § 1983. For these reasons, the so-called "South Carolina Corrections Board and the Penalogy Committee" should be dismissed as party-defendants.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, this court recommends that the defendants' motion for summary judgment (doc. 24) be granted.

October 18, 2010  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge